# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE AVILEZ, | CV F 04 6487 OWW SMS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| JOANNE WOLFORD, et al., | [Doc. #18] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on October 25, 2000, of one count of attempted murder in violation of Cal. Penal Code §§ 187 and 664, and one count of assault with a firearm in violation of Cal. Penal Code § 245(a). See Lodged Item 1, Respondent's Motion to Dismiss (hereinafter "Motion"). The jury also found true the

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and Petitioner's response to Respondent's motion to dismiss.

allegations that Petitioner personally used a firearm in violation of Cal. Penal Code § 12055.53(c) & (e)(1), inflicted great bodily injury on the victim in violation of Cal. Penal Code § 12022.5(a)&(d), and had suffered three prior convictions within the meaning of Cal. Penal Code § 1203(e)(4). Id. On November 30, 2000, Petitioner was sentenced to serve an indeterminate term of life in state prison for attempted murder, plus a consecutive term of 25 years to life pursuant to Cal. Penal Code § 12022.53(d), plus a consecutive term of 3 years pursuant to Cal. Penal Code § 12022.7(a). See Lodged Item 2, Motion. Petitioner was also sentenced a total ten year prison term on count 2 which was stayed pursuant to Cal. Penal Code § 654. Id.

Petitioner thereafter appealed the conviction. On January 13, 2003, the California Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"), affirmed the conviction. See Lodged Item 6, Motion.

On January 28, 2003, Petitioner filed a petition for rehearing in the 5th DCA. See Lodged Item 7, Motion. On January 30, 2003, the petition for rehearing was denied. Id.

On February 21, 2003, Petitioner filed a petition for review in the California Supreme Court. See Lodged Item 8, Motion. The petition was denied on March 26, 2003. Id.

On October 18, 2004, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated October 29, 2004, the action was transferred to the Fresno Division and received in this Court.

On April 19, 2005, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

Petitioner did not file an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

U.S. District Court
E. D. California      cd                                2

state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 18, 2004, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on March 26, 2003. Thus, direct review concluded on June 24, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner therefore had one year until June 24, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until October 18, 2004, which was 116 days beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260

F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

As stated above, the statute of limitations began to run on June 24, 2003, and expired on June 24, 2004. Petitioner did not file any post-conviction collateral challenges with respect to the pertinent judgment or claim in state court. Therefore, Petitioner is not entitled to any statutory tolling, and the petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner does not argue that he was prevented in any way from timely filing the federal petition. Accordingly, Petitioner is not entitled to equitable tolling and the petition remains untimely.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

1  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
2  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
3  California.
4       Within thirty (30) days after being served with a copy, any party may file written objections
5  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Report and Recommendation."  Replies to the objections shall be served and
7  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
8  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
9  parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.
14 **Dated:     June 20, 2005**                        **/s/ Sandra M. Snyder**
   icido3                                            UNITED STATES MAGISTRATE JUDGE